UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

JOE STEPHENS (#109204)

VERSUS                                            CIVIL ACTION

JOHN P. WHITLEY, ET AL                            NUMBER 13-603-BAJ-SCR

**NOTICE**

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, October 31, 2013.

                                    *signature*
                                    STEPHEN C. RIEDLINGER
                                    UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


JOE STEPHENS (#109204)

VERSUS                                         CIVIL ACTION

JOHN P. WHITLEY, ET AL                         NUMBER 13-603-BAJ-SCR


### MAGISTRATE JUDGE'S REPORT

Pro se petitioner, Joe Stephens (#109204), an inmate at Louisiana State Penitentiary, Angola, Louisiana, filed this action on forms specifically intended for claims brought pursuant to 42 U.S.C. § 1983.  However, a review of the complaint showed that the issues raised in the complaint must be pursued through habeas corpus since the petitioner is challenging the constitutionality of his 1985 state court conviction and life sentence on a charge of second degree murder in Caddo Parish, Louisiana.  He argues that his confinement is unlawful because he was not indicted by a grand jury.  Stephens seeks a order requiring the defendants to show cause why he is being held in custody.

### I. Applicable Law and Analysis

When a claimant challenges the very fact or duration of his physical confinement and seeks an immediate release or speedier release from confinement as relief, he must pursue his claim through an application for writ of habeas corpus. *See Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973).  In accordance

with this guideline, the United States Court of Appeals for the Fifth Circuit adopted a "per se rule barring consideration of claims under [42 U.S.C.] § 1983 that directly or indirectly challenge the constitutionality of the state conviction or sentencing decision under which the claimant is currently confined." *Serio v. Members of the La. State Bd. of Pardons*, 821 F.3d 1112, 1117 (5th Cir. 1987) (citing *Fulford v. Klein*, 529 F.2d 377, 381 (5th Cir. 1976), *adhered to en banc*, 550 F.2d 342 (1977)). Stephens is challenging the validity of his conviction and sentence, and his claims clearly fall within the strictures of this guideline. Therefore, the complaint should be construed as having been brought pursuant to 28 U.S.C. § 2254.

Petitioner has filed a prior petition for writ of habeas corpus related to this same conviction and sentence: *Joe Stephens v. Warden Louisiana State Penitentiary*, CV 91-2277 (W.D. La.).[1]

The petition presently before the court is considered to be a successive petition as described by 28 U.S.C. § 2244. To overcome the prohibition against the filing of a successive claim, the petitioner must establish one of the following exceptions:

> 1)   the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the United States Supreme Court, that was

---

[1] A court may take judicial notice of the record in prior related proceedings. *Missionary Baptist Foundation of America, Inc. v. Wilson*, 712 F.2d 206 (5th Cir. 1983). The court hereby takes judicial notice of the proceedings in *Joe Stephens v. Warden Louisiana State Penitentiary*, CV 91-2277 (W.D. La.).

>   previously unavailable; or
>
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>   (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the petitioner guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Before the petition can be considered on the merits by this court, the petitioner must obtain authorization to file this successive petition from the United States Court of Appeals for the Fifth Circuit by making a prima facie showing of the above listed requirements to that appellate court as required by 28 U.S.C. § 2244(b)(3)(A).  Until such time as petitioner obtains said authorization, this court is without jurisdiction to proceed.

### **RECOMMENDATION**

It is the recommendation of the magistrate judge that the petition be construed as a motion for authorization for the district court to consider the successive habeas corpus claim raised herein.

It is further recommended that the petition be transferred to the United States Court of Appeals for the Fifth Circuit under the authority of 28 U.S.C. § 1631 for that court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the

instant habeas corpus petition in the district court. *See, In re: Tony Epps*, 127 F.3d 364 (5th Cir. 1997).

Baton Rouge, Louisiana, October 31, 2013.

*[signature: Stephen C. Riedlinger]*

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE